**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| MORGAN STANLEY SMITH BARNEY LLC and MORGAN STANLEY SMITH BARNEY FA NOTES HOLDINGS LLC, | CV-15-15-BLG-CSO |
| Petitioners, | |
| vs. | **ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD** |
| PAUL EDWARD STAFFORD a/k/a PAUL E. STAFFORD a/k/a PAUL STAFFORD, | |
| Respondent. | |

Morgan Stanley Smith Barney LLC and Morgan Stanley Smith

Barney FA Notes Holdings LLC (collectively hereafter "MSSB") seek to

confirm an arbitration award and obtain judgment against Paul

Edward Stafford ("Stafford") under the Federal Arbitration Act, 9

U.S.C. § 9.  *ECF 1*.[1]   Stafford is proceeding without counsel.

The Court has jurisdiction under 28 U.S.C. § 1332.  After the

---

[1]"ECF" refers to the document as numbered in the Court's Electronic Case Files.  *See The Bluebook, A Uniform System of Citation, § 10.8.3.*  References to page numbers are to those assigned by the electronic filing system.

parties consented in writing, this matter was assigned to the undersigned for all further proceedings. *ECF 11, 12*.

Now pending are the petition to confirm the arbitration award (*ECF 1*) and MSSB's motion to strike Stafford's second brief and supporting exhibit (*ECF 17*). For the reasons set forth below, the Court will confirm the arbitration award.

## I.   FACTUAL BACKGROUND[2]

Stafford was employed by Morgan Stanley & Co. Incorporated and then by MSSB[3] from March 23, 2009, through November 12, 2012. *Aff.*

---

[2]The Court has taken the background facts from the record. The material facts are undisputed unless otherwise noted.

[3]According to the affidavit of Gregory B. Simon, a vice president of MSSB's Legal and Compliance Division, filed in support of MSSB's petition:

> On or about June 1, 2009, the Global Wealth Management Group of Morgan Stanley & Co. Incorporated and the Smith Barney Division of Citigroup Global Markets, Inc. combined and began to operate as a consolidated joint venture, Morgan Stanley Smith Barney Holdings LLC. The joint venture owns MSSB. During the period at issue, [Stafford] was employed by Morgan Stanley & Co. Incorporated and subsequently MSSB. [Stafford's] employment, registration with FINRA and all associated assets or liabilities were contributed to the joint venture.

*of Gregory B. Simon (ECF 5) at ¶ 8.*

On March 23, 2009, Stafford signed a promissory note (hereafter "Note A") in favor of Morgan Stanley & Co. Incorporated in the amount of $265,650.00 plus interest at the rate of 2.00% per annum. *Id.; see also Promissory Note dated March 23, 2009 (ECF 5-1) at 2-3.* Note A provided that Stafford was to make yearly payments of $29,516.67 beginning on March 10, 2010 until and including March 23, 2018. *ECF 5-1 at 2.*

On June 2, 2009, Stafford signed another promissory note (hereafter "Note B") in favor of Morgan Stanley & Co. Incorporated in the amount of $57,750.00 plus interest at the rate of 2.25% per annum. *ECF 5 at ¶ 10; see also Promissory Note dated May 28, 2009, and signed June 2, 2009 (ECF 5-2) at 2-3.* Note B provided that Stafford was to make yearly payments of $7,218.75 beginning on May 28, 2010 until and including May 28, 2017. *ECF 5-2 at 2.*

On November 12, 2012, Stafford's employment with MSSB terminated. *ECF 5 at ¶ 12.* Both promissory notes provide as follows:

---

*Aff. of Gregory B. Simon (ECF 5) at ¶ 6.*

> Morgan Stanley shall declare this Note immediately due and payable, without notice or demand, if (I) . . . the Employee's employment with Morgan Stanley terminates voluntarily or is terminated by Morgan Stanley for any reason whatsoever prior to the due date of any payment under this Note[.]

*ECF 5-1 at 2 and ECF 5-2 at 2.*

Stafford did not pay the balance due on either promissory note upon his termination from employment. *ECF 5 at ¶ 15.* Both promissory notes also provide for arbitration of any dispute, as follows:

> Any controversy or claim arising out of or relating to this Note shall be settled by arbitration in accordance with the rules of the Financial Industry Regulatory Authority and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

*ECF 5-1 at 3 and ECF 5-2 at 3.*

On March 22, 2013, MSSB submitted the matter to arbitration before the Financial Industry Regulatory Authority ("FINRA"). *Award FINRA Dispute Resolution (ECF 5-3) at 5.* On February 28, 2013, Gregory B. Simon, a vice president of MSSB's Legal and Compliance Division, signed a submission agreement agreeing, on MSSB's behalf, to submit the matter to FINRA Arbitration. *Reply Aff. of Gregory B. Simon (ECF 15-1) at 2.* On June 13, 2013, Stafford signed a submission

agreement agreeing to submit the matter to FINRA Arbitration. *ECF 15-2 at 2.*

On August 22, 2014, a three-arbitrator panel decided:

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  Regarding Note A, Stafford is liable for and shall pay to MSSB compensatory damages in the amount of $177,100.00 as the principal balance due on Note A as of November 12, 2012.

2.  Regarding Note B, Stafford is liable for and shall pay to MSSB compensatory damages in the amount of $36,094.00 as the principal balance due on Note B as of November 12, 2012.

3.  Regarding Notes A and B referred to in items 1 and 2 above, Stafford is liable for and shall pay to MSSB the lump sum amount of $10,017.00 in pre-judgment interest accrued as of July 22, 2014 pursuant to the terms of said Notes.

4.  Regarding Note A, Stafford is liable for and shall pay to MSSB post-judgment interest on the amount of $177,100.00 at the rate of 2.00% per annum from July 22, 2014 until the amount of $177,100.00 is paid in full.

5.  Regarding Note B, Stafford is liable for and shall pay to MSSB post-judgment interest on the amount of $36,094.00 at the rate of 2.25% per annum from July 22, 2014 until the amount of $36,094.00 is paid in full.

6. Stafford is liable for and shall pay to MSSB attorneys' fees in the amount of $29,755.00 pursuant to the terms of Notes A and B.

7. Stafford is liable for and shall pay to MSSB the amount of $1,496.60 in costs.

8. Stafford's counterclaims are denied in their entirety.

9. Any and all relief not specifically addressed herein, including punitive damages, is denied.

*ECF 5-3 at 7.*

The arbitration award was served on the parties on August 22, 2014. It has been neither vacated or modified in any way and remains unpaid to date. *ECF 5 at ¶ 18.*

## II. <u>PROCEDURAL BACKGROUND</u>

On March 13, 2015, MSSB filed its petition to confirm the arbitration award. *ECF 1.* MSSB also filed a supporting brief. *ECF 2.* On May 1, 2015, Stafford filed his response to the petition. *ECF 7.*

On May 4, 2015, the Court issued an Order observing that Stafford's response was "framed ... essentially as an Answer to MSSB's petition" without "a brief or ... any exhibits or other evidentiary material in response to the petition." *ECF 10 at 2.* Thus, the Court, in

light of Stafford's *pro se* status, set forth the legal standards for federal court review of arbitration awards. The Court put in place a briefing schedule affording Stafford an additional opportunity to file a response brief directed at MSSB's brief in view of the legal standards at issue. *Id. at 4-5.*

On May 26, 2015, Stafford filed his "brief in support of denial or modification of Petitioner's petition to confirm arbitration award" and some unauthenticated supporting documents. *ECF 13, 13-1, and 13-2.* On June 1, 2015, MSSB filed its reply brief and a reply affidavit of Gregory B. Simon. *ECF 14 and 15.*

On June 2, 2015, Stafford filed a second brief. *ECF 16.* He attached as an exhibit an arbitration award from a different matter. *ECF 16-1.*

On June 5, 2015, MSSB filed a motion and supporting brief seeking a Court Order striking Stafford's second brief and its supporting exhibit. *ECF 17 and 18.* Stafford did not respond to MSSB's motion to strike.

## III. **DISCUSSION**

### A. **MSSB's Motion to Strike**

The Court first addresses MSSB's motion to strike Stafford's second brief and supporting exhibit. *ECF 17*. MSSB argues that Stafford improperly filed a second brief without first requesting or receiving the Court's leave to do so. *ECF 18 at 3-4*. Stafford's filings, MSSB argues, violate both the Court's May 4, 2015 Order, which imposed briefing deadlines, and Local Rule 7.1(d)(1)(D), which does not permit briefing beyond the opening brief, response, and reply without prior leave of court. *Id.*

Ordinarily, the Court would deem Stafford's failure to respond to MSSB's motion an admission that the motion is well-taken and grant it under Local Rule 7.1(d)(1)(B)(ii). But, having reviewed Stafford's so-called second response brief, and considering his *pro se* status, the Court notes that this second brief and the attached arbitration award are actually more in the nature of a notice of supplemental authority. Such filings are contemplated in Local Rule 7.4, which provides:

> If pertinent and significant authority comes to a party's notice after the briefs have been filed but before decision, a

party may promptly advise the Court by notice setting forth the citations and stating the reason the authority was not cited in the party's brief. The notice must specifically refer either to a page of the brief(s) already filed or to a point argued orally. The notice may not exceed two pages and must not present a new argument. No response may be filed unless the presiding judge so authorizes.

Here, it appears from Stafford's filings that he sought to make the Court aware of an arbitration award decision issued only two weeks earlier (May 17, 2015) in a case that he believes is factually similar to the case at hand. *See ECF 16 and 16-1*. Although he did not title his filing a "Notice," it otherwise adequately complies with Local Rule 7.4. Accordingly, the Court will deny MSSB's motion to strike and will permit Stafford's filings to remain part of the record of this matter.

## B.  MSSB's Petition to Confirm Arbitration Award

### 1.  Summary of Parties' Arguments

In its opening brief, MSSB argues that the Court must confirm the arbitration award because: (1) there exists no valid basis for vacating or correcting the award, *MSSB Opening Br. (ECF 2) at 3-4*; and (2) Stafford did not contest the award within the three-month limitations period after he was served with the award on August 22,

2014, *id. at 4.*

In response, Stafford argues that: (1) the Court should vacate the
arbitration award under 9 U.S.C. § 10 because the arbitrators exceeded
their powers by deciding an issue not submitted to them – that the
entity listed on the promissory notes, Morgan Stanley & Co. Inc., is not
owed the balance due on the notes but rather that MSSB is owed the
balance due even though it is not on the notes and is not a FINRA
member, *Stafford's Resp. Br. (ECF 13) at 2-3*; (2) the arbitration panel's
decision did not draw its "essence" from the contract and should be
vacated because one party to the arbitration was a non-FINRA
member, *id. at 3*; (3) the arbitrators "manifestly disregarded the law"
by not explaining their decision even though they had been provided
with contract law in Stafford's submissions to them, *id.*; (4) the Court
may modify the award because it is imperfect in form in that it does not
consider the fact that Stafford is unable to pay the debt due, *id.*; (5) he
has timely claims for relief under Montana law for fraud or mistake
because he "was not aware that [he] was being required to pay a party
that was not shown to be the party [he] had originally agreed to [pay],

10

nor was [he] aware one of the parties was not a FINRA member and thus not an acceptable assignee of rights in the note [he] signed[,]" *id. at 4*; and (6) under Montana law, because he believed "in the present existence of a thing material to the contract [that did] not exist," the Court should vacate, modify, or correct the arbitration award even though the three-month limitations period has passed, *id. at 4-5*.

In reply, MSSB argues that: (1) Stafford's attempts to vacate or modify the award are untimely because he failed to try to vacate, modify, or correct the award within three months of its filing or delivery as required under 9 U.S.C. § 12, *MSSB's Reply Br. (ECF 14) at 3-4*; (2) the parties all agreed to arbitrate their dispute as evidenced by the promissory notes, the arbitration submission agreements, the award decision language, and forms Stafford signed when he began his employment, *id. at 4-6*; and (3) even if Stafford had timely filed a motion, he nevertheless has failed to provide grounds for the Court to vacate the arbitration award because: (a) the parties signed a uniform submission agreement giving the arbitrators power to decide the claims and counterclaims; (b) Stafford has failed to present a record of the

arbitration hearing or any evidence that was before the arbitrators so the Court cannot determine whether they exceeded their powers; and (c) Stafford cannot successfully argue that the arbitrators manifestly disregarded the law because they did not explain how they reached their decision and Stafford did not produce any evidence of proceedings before the arbitration panel, *id. at 6-8*; (4) Stafford has failed to provide grounds for the Court to modify the arbitration award because his inability to pay the award is irrelevant to whether he owes the award or to whether the Court can confirm the award and he has failed to identify a technical imperfection in the award that needs to be corrected, *id. at 9-11*; and (5) any cause of action Stafford may have had for fraud, mistake, or mistake of fact were subject to arbitration since he agreed in the submission agreement to submit his answer and "all related counterclaims" to arbitration, *id. at 11-13*.

## 2. <u>Legal Standard</u>

As this Court noted in its Order filed on May 5, 2015, federal court review of arbitration awards is limited. "Broad judicial review of arbitration decisions could well jeopardize the very benefits of

arbitration, [i.e., speed and informality,] rendering informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (*quoting Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (*en banc*)). Thus, "[j]udicial review of arbitration awards is highly deferential." *Waveland Capital Partners v. Tommerup*, 928 F.Supp.2d 1227, 1231 (D. Mont. 2013) (*citing Johnson v. Wells Fargo Home Mortg. Inc.*, 635 F.3d 401, 414 (9th Cir. 2011)).

This limited review derives from the Federal Arbitration Act ("FAA"), which enumerates the limited grounds on which a federal court may vacate, modify, or correct an arbitration award. 9 U.S.C. §§ 10-11. Respecting vacation of an arbitration award, the FAA provides:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –

    (1) where the award was procured by corruption, fraud, or undue means;

    (2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3)    where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4)    where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Respecting modification or correction of an arbitration award, the

FAA provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration –
>
> (a)    Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b)    Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c)    Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.

The FAA imposes a strict limitations period for persons seeking to vacate, modify, or correct an arbitration award:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney *within three months* after the award is filed or delivered....

9 U.S.C. § 12 (emphasis added).

The burden of establishing the grounds on which an award may be vacated, modified, or corrected rests on the challenging party, and the party is required to raise these grounds within the three-month limitations period. *See Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 919 n.8 (9th Cir. 2009). Under controlling Ninth Circuit authority, "an unsuccessful party at arbitration who did not move to vacate the award within the prescribed time may not subsequently raise, as affirmative defenses in a suit to enforce the award, contentions that it could have raised in a timely petition to vacate the award." *Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty. v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir. 1983)

(citing *Chauffeurs, Teamsters, Warehousemen and Helpers, Local 135 v. Jefferson Trucking Co.*, 628 F.2d 1023, 1025-27 (7th Cir. 1980), *cert. denied*, 449 U.S. 1125 (1981); *Service Employees International Union, Local 36 v. Office Center Services, Inc.*, 670 F.2d 404, 412 (3d Cir. 1982)); *see also Sheet Metal Workers International Association, Local 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483 (9th Cir. 1983).

Respecting confirmation of arbitration awards, the Ninth Circuit has held that the FAA requires confirmation "even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp.*, 341 F.3d at 997. The Ninth Circuit also has "adopted a narrow 'manifest disregard of the law' exception under which a procedurally proper arbitration award may be vacated." *Collins*, 505 F.3d at 879. But this exception, too, is limited.

> In short, federal courts of appeals have repeatedly held, "manifest disregard of the law" means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it. As such, mere allegations of error are insufficient. Moreover, to rise to the level of manifest disregard "[t]he governing law alleged to have been ignored by the arbitrators must be *well defined, explicit, and clearly applicable.*

16

*Id.* at 879-80 (citations and internal quotations omitted) (emphasis in original).

### 3.  Analysis

The foregoing authorities require that the Court grant MSSB's petition to confirm the arbitration award.  It is undisputed that the arbitration award was delivered in August 2014 and that Stafford did not serve – and has not served – notice of a motion to vacate, modify, or correct the arbitration award upon the adverse party or counsel.  *ECF 1 at ¶¶ 15 and 18.*  Consequently, he has not effected service of such notice within three months of the arbitration award as required by 9 U.S.C. § 12.  For this reason, Stafford, as "an unsuccessful party at arbitration who did not move to vacate the award within the prescribed time[,]  may not subsequently raise, as affirmative defenses in a suit to enforce the award, contentions that [he] could have raised in a timely petition to vacate the award."  *Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.,* 708 F.2d at 490 (citations omitted); *Sheet Metal Workers International Association, Local 252*, 699 F.2d at 483.

Although Stafford, as noted above, attempts to avoid confirmation of the arbitration award against him by arguing that his promissory notes were with MSSB's predecessor, that he never agreed to arbitrate with MSSB, and that he is unable to pay the award, he is precluded from raising such arguments here. *Id.; see also Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc.*, 857 F.2d 1235, 1237 (8th Cir. 1988) ("[A] party may not assert a defense to a motion to confirm that the party could have raised in a timely motion to vacate, modify, or correct the award."); *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1212-13 (6th Cir. 1982) ("Failure to comply with this statutory precondition of timely service of notice forfeits the right to judicial review of the award."); *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981) ("A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award."). *See also White v. Mayflower Transit, LLC*, 481 F.Supp. 1101, 1104-05 (C.D. Cal. 2007).

To the extent Stafford attempts to argue that he should be excused from complying with the limitations period, the Court is not

persuaded.  Stafford's stated position respecting his failure to timely challenge the award is as follows:

> Everyone told me trying to get an arbitration vacated was a waste of time.  I thought that FINRA's decision to allow me to practice due to my bona fide inability to pay would be sufficient for MSSB and that they would not pursue further legal actions.

*Stafford's Resp. to Petition (ECF 7) at ¶ 18.*

Stafford cites no authority, and the Court is not aware of any, that excuses compliance with a statutory limitations period on the basis that a party believes compliance would be futile.  He similarly cites no authority for his apparent position that his inability to pay the arbitration award permits the Court to decline to confirm it.  Because Stafford has provided no other basis for tolling the limitations period in this case, the Court declines to further consider Stafford's arguments seeking vacation, modification, or correction of the arbitration award.

Turning next to the petition at hand, MSSB requests that the Court enter an order confirming the arbitration award, enter judgment consistent with the award, and award MSSB its attorneys' fees and costs incurred in these proceedings.  *ECF 1 at 9.*  The FAA provides

that, if a party seeks a judicial order confirming an arbitration award,

"the court *must* grant such an order unless the award is vacated,

modified, or corrected as prescribed in sections 10 and 11 of this title."

9 U.S.C. § 9 (emphasis added).  As noted above, the FAA requires

confirmation "even in the face of erroneous findings of fact or

misinterpretations of law." *Kyocera Corp.*, 341 F.3d at 997.  "Therefore,

the federal district court's role in an arbitration confirmation

proceeding is severely limited, and for the most part, the court defers to

the arbitrator's determination of the award." *SMC Promotions, Inc., v.

SMC Promotions*, 2006 WL 6219155, *1 (C.D. Cal. 2006).

Here, as set forth above, the parties' promissory notes specify as

follows:

> Any controversy or claim arising out of or relating to this
> Note shall be settled by arbitration in accordance with the
> rules of the Financial Industry Regulatory Authority and
> judgment upon the award entered by the arbitrator(s) may
> be entered in any court having jurisdiction thereof.

*ECF 5-1 at 3 and ECF 5-2 at 3.*

Pursuant to the parties' agreements in the promissory notes, and

under 9 U.S.C. § 9, MSSB properly seeks the Court's confirmation of

the arbitration award and the entry of judgment consistent with the award. MSSB was well within 9 U.S.C. §9's one-year limitations period when it filed its motion to confirm on March 13, 2015. Finally, because Stafford failed to timely challenge the arbitration award under 9 U.S.C. § 12, he is barred from raising the statutory bases for doing so provided in 9 U.S.C. §§ 10 and 11. Because those sections provide the only bases for challenging the award, the Court is bound by 9 U.S.C. § 9 to confirm the award. Thus, the Court concludes that MSSB timely filed its motion to confirm the arbitration award as permitted by the parties' promissory notes, and Stafford's defenses to confirmation are time-barred.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, IT IS ORDERED that:

1. MSSB's motion to strike (*ECF 17*) is DENIED.

2. MSSB's petition to confirm arbitration award (*ECF 1*) is GRANTED. The Arbitration Award (FINRA Case Number 13-00900) (ECF 5-3 at 5-12) is CONFIRMED.

3. By September 4, 2015, MSSB may make an appropriate motion for attorneys' fees and costs. The schedule for briefing of any motion filed will be governed by Local Rule 7.1(d)(1).

4.    The Clerk of Court is directed to enter Judgment consistent
      with this Order.

DATED this 5th day of August, 2015.

                         **/S/ Carolyn S. Ostby**
                         United States Magistrate Judge